UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ELAINE BROWN
555 Layton Blvd. Apt. 311
Milwaukee, Wisconsin 53215

      Plaintiff,

      v.                                Case No: 12-C-1304

SURETY PRO PHARMACY LLC      **JURY TRIAL DEMANDED**
9200 West Layton Avenue
Greenfield, Wisconsin 53228

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Elaine Brown, by her counsel, HEINS LAW OFFICE LLC, by Attorneys Janet L. Heins, Erica N. Reib, and Robert Finn Jensen, as and for a claim against the Defendant, and alleges and shows to the court as follows:

    1.     This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq,*. and 28 U.S.C. § 1343, as this case involves an Act of Congress providing for the protection of civil rights.

    2.     Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

    3.     Plaintiff, Elaine Brown, is an adult African-American female resident of the State of

Wisconsin residing in Milwaukee County with a post office address of 555 Layton Boulevard, Apartment 311, Milwaukee, Wisconsin 53215.

4. Defendant, Surety Pro Pharmacy LLC, was, at all times material herein, a domestic limited liability company, with a principal office address located at 9200 West Layton Avenue, Greenfield, Wisconsin 53228.

5. In approximately October 2011, Plaintiff began working as a temporary employee for Defendant.

6. On or around January 18, 2012, Plaintiff accepted a full-time position as pharmacy technician with Defendant.

7. On or around April 11, 2012, Plaintiff and co-worker, Ieshia Seward ("Seward"), African-American, had a discussion at work, which resulted in both employees receiving written discipline.

8. On or about April 19, 2012, Plaintiff called in sick.

9. On or about April 20, 2012, Defendant gave Plaintiff a Disciplinary Notice related to both the April 11 discussion with Seward and her absence on or about April 19, 2012.

10. The disciplinary notice provided to Plaintiff on or about April 20, 2012, stated that, "Personal differences must [e]ither be resolved by employees outside of the workplace or be resolved, if appropriate, with supervision. Personal attacks and altercations cannot be allowed in the workplace."

11. On or about September 19, 2012, Plaintiff's co-worker, Elizabeth Schlueter, Caucasian, verbally attacked Plaintiff at work.

12. The September 19 incident occurred when Plaintiff and Schlueter were filling prescription orders in the back of the pharmacy with Steve, Caucasian and Scott, African-American.

13. Plaintiff informed the pharmacist, Steve, that she was leaving at 4:00 p.m. because she had been working since 8:30 a.m.

14. Schlueter overheard Plaintiff's comments and said "I don't recall you being here with me at 8:30," or words to that effect.

15. Plaintiff responded with words to the effect of "I recall you taking a lunch at 1:05 and not coming back until 2:40."

16. Schlueter screamed at Plaintiff words to the effect of "I do what the fuck I want to do."

17. Schlueter then approached Plaintiff, got within a few inches of her face, and repeatedly asked Plaintiff words to the effect of "what are you going to do to me?"

18. In an attempt to de-escalate the situation, Plaintiff did not respond to Schlueter.

19. Steve told Schlueter to calm down.

20. Schlueter grabbed her purse and walked out of the pharmacy through a rear exit door.

21. Plaintiff went to the front room of the pharmacy, trying to determine why Schlueter had yelled at her.

22. When Plaintiff arrived in the front room, Seward and James Davis ("Davis"), Caucasian, asked her what was happening in the back.

23. Neither Seward nor Davis witnessed the events unfold in the back room of the pharmacy.

24. Plaintiff told Seward that she was going to talk to Schlueter to see what was wrong and why she yelled at Plaintiff.

25. Plaintiff knew that Schlueter was pregnant, so she was concerned that something

was wrong.

26. Plaintiff found Schlueter in the hallway and asked her if she would step outside of the workplace to resolve the dispute.

27. Plaintiff did not threaten Schlueter, but was instead abiding by the previous disciplinary notice which required personal disputes to be resolved outside of the workplace.

28. Schlueter did not respond to Plaintiff.

29. On or about September 20, 2012, George Robbins, Defendant's Caucasian Pharmacy Director, allegedly investigated the incident of September 19, 2012.

30. Defendant terminated Plaintiff with a disciplinary notice dated September 20, 2012, which stated that, "Elaine engaged in altercation with Elizabeth Schlueter which included intent to cause harm to Ms. Schlueter. [T]his was witnessed by other employees."

31. Schlueter was not disciplined for screaming at the Plaintiff in the September 19 incident.

32. On September 24, 2012, Plaintiff filed an employment discrimination charge with the Equal Employment Opportunity against Defendant, designated as EEOC Charge No. 443-2012-01608, which was cross-filed with the Wisconsin Department of Workforce Development- Equal Rights Division, designated as ERD Case No. CR201203037.

33. On September 27, 2012, Plaintiff was issued a Notice of Right to Sue on EEOC Charge No. 443-2012-01608.

34. Plaintiff has exhausted all of her administrative remedies and has satisfied all conditions precedent to bringing this action.

## FIRST CLAIM FOR RELIEF — TITLE VII RACE DISCRIMINATION

35. Plaintiff realleges and incorporates paragraphs 1-34 of this complaint by reference.

36. Defendant intentionally discriminated against Plaintiff by terminating her based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and in reckless indifference to her federally protected rights.

37. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering, emotional distress, attorney fees and costs, and loss of wages.

## SECOND CLAIM FOR RELIEF — 42 U.S.C. § 1981

38. Plaintiff realleges and incorporates paragraphs 1-37 of this complaint by reference.

39. Defendant intentionally discriminated against Plaintiff on the basis of her race in terminating her in reckless disregard of her rights, in violation of the Thirteenth Amendment to the Constitution of the United States of America as protected by 42 U.S.C. § 1981.

40. As a result of the Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering; emotional distress; humiliation, embarrassment and degradation; great expense; and loss of wages and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant, its officers, agents, employees, successors, and all persons in active concert or participation with it, as follows:

1. Issue a declaratory judgment that the acts, policies, practices and procedures of Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.;

2. Issue a permanent injunction against future acts, policies, practices and procedures

violative of Title VII of the Civil Rights Act of 1964, as amended, by Defendant;

3. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

4. Grant to Plaintiff her attorney fees, costs, and disbursements as provided by 42 U.S.C. § 2000e-5(k), and by all other applicable statutes and provisions;

5. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A FULL JURY AS TO ALL TRIABLE ISSUES.**

Dated this 21st day of December, 2012.

HEINS LAW OFFICE LLC
Counsel for the Plaintiff

By: *s/ Robert Finn Jensen* .
Janet L. Heins, WI Bar No. 1000677
Erica N. Reib, WI Bar No. 1084760
Robert Finn Jensen, WI Bar No. 1073976

HEINS LAW OFFICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 fax
email: jheins@heinslawoffice.com
ereib@heinslawoffice.com
rjensen@heinslawoffice.com